## 11IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| ANNA HARRIS, )<br><br>    Plaintiff, )<br><br>  v. )<br><br>JUSTIN MARR, Sheriff of Victoria )<br>County, Texas, in his official and )<br>individual capacities; CONSTANCE )<br>FILLEY JOHNSON, District Attorney )<br>for Victoria County Texas, in her official )<br>capacity; JOHN DOE, a currently )<br>unidentified deputy at the Victoria )<br>County Sherriff's Office, in his )<br>individual capacity, )<br><br>    Defendants. )<br><br>            )                | Case No. 6:21-CV-39 |

## PLAINTIFF'S RESPONSE TO THE DISTRICT ATTORNEY'S MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

I.     RELEVANT FACTS................................................... 3

II.    SUMMARY OF ARGUMENT............................................ 5

III.   ARGUMENT........................................................ 6

       A.   This Court Has Subject-Matter Jurisdiction to Hear
            this Case. ................................................. 6

            1.   Harris Had Standing When this Case Was Filed,
                 and The Amended Complaint Relates Back to
                 That Time.............................................. 6

            2.   The District Attorney Cannot Meet Her Heavy
                 Burden to Show Mootness by Voluntary
                 Cessation. ............................................ 8

            3.   Harris's Claim for Nominal Damages, Which the
                 District Attorney Ignores, Is Alone Sufficient to
                 Give this Court Jurisdiction ......................... 11

       B.   Harris States a Claim Against the District Attorney. ......... 13

            1.   The District Attorney Is the Appropriate
                 Defendant for Injunctive Relief Regardless of
                 "Personal Involvement" in Past Violations ................ 13

            2.   Harris Adequately Alleges That the District
                 Attorney's Office Violated Her Constitutional
                 Rights .............................................. 15

       C.   The District Attorney's Motion for Attorneys' Fees Is
            Frivolous.................................................. 18

IV.    CONCLUSION .................................................... 18

i

# TABLE OF AUTHORITIES

**Cases**

*Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289 (1979)..............................7

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)............................................................7

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982) ...................................8

*Daves v. Dallas County*, 984 F.3d 381 (5th Cir. 2020)...................................................2

*Doe v. Bolton*, 410 U.S. 179 (1973)..................................................................................7

*Donovan v. Cunningham*, 716 F.2d 1455 (5th Cir. 1983)...............................................9

*Fox v. Vice*, 563 U.S. 826 (2011) ...................................................................................18

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) 8

*Hall v. Bd. of Sch. Comm'rs of Conecuh County*, 656 F.2d 999 (5th Cir. 1981) ..........9

*Harper v. Lindsay*, 616 F.2d 849 (5th Cir. 1980) .........................................................15

*International Soc. for Krishna Consciousness of Atlanta v. Eaves*,
     601 F.2d 809 (5th Cir. 1979)......................................................................................7

*Justice v. Hosemann*, 771 F.3d 285 (5th Cir. 2014) .....................................................12

*Kentucky v. Graham*, 473 U.S. 159 (1985)....................................................................16

*Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453 (5th Cir. 2005) ................................6

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980) ...............................3

*Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014)......................................................14

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ....................................................16

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) .....................................16

*Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833 (1992)....................15

*Powell v. McCormack*, 395 U.S. 486 (1969) .................................................................11

*Roe v. Wade*, 410 U.S. 113 (1973)...........................................................................14, 15

*Sossamon v. Lone Star State of Texas*, 560 F.3d 316 (5th Cir. 2009) ...........................9

*Steffel v. Thompson*, 415 U.S. 452 (1974).............................................................7, 15

*Texas v. EEOC*, 933 F.3d 433 (5th Cir. 2019) .........................................................1, 6

*United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199 (1968)............8

*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021).................................................2, 12

*White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445 (1982) ............................18

## INTRODUCTION

When the Complaint in this case was filed, Plaintiff Anna Harris had just been personally served with a criminal-trespass warning (CTW) saying that Defendant District Attorney Constance Filley Johnson's office would "generate[]" an "offense report for criminal prosecution" against Harris if she ever again entered, among other places, the Victoria County Courthouse. Harris thus properly named the District Attorney as a defendant and requested both injunctive relief and nominal damages. The District Attorney now moves to dismiss this case against her on the related grounds that Harris lacks standing and fails to state a claim against her. Both contentions lack merit, and this Court should deny the Motion.

*First,* on the standing question, the District Attorney's entire motion rests on an incorrect conflation of standing with mootness. She argues that Harris lacks standing to proceed against the District Attorney because *after* this suit was filed, the District Attorney said that she would not prosecute Harris pursuant to the CTW, which the District Attorney contends was "cancelled" by the complainant. (Mot. 5–10.)[1] But that fact does not impact standing because "standing is assessed as of the date on which suit was filed." *Texas v. EEOC*, 933 F.3d 433, 449 (5th Cir. 2019). Harris unquestionably had standing when the Complaint was filed.

Instead, construing the District Attorney's motion generously in light of the Court's independent obligation to assess subject-matter jurisdiction, the real

---

[1] The District Attorney's Motion lacks page numbers. For clarity, Harris here uses either the ECF page numbers generated in the document header or the Motion's numbered paragraphs, as appropriate.

question is whether the District Attorney's statement that she would not prosecute Harris pursuant to the CTW and her contention that it has been withdrawn moot this case. They do not. Because the District Attorney does not meet her heavy burden to show mootness by voluntary cessation, and because the District Attorney does not address Harris's claim for nominal damages—which is alone sufficient to give this Court jurisdiction under the Supreme Court's recent decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021)—her motion to dismiss for lack of subject matter jurisdiction should be denied.

*Second*, the District Attorney also argues that this case should be dismissed for failure to state a claim because Harris does not allege that the District Attorney herself directed the issuance of the CTW. This argument ignores the governing legal standard for prospective relief against district attorneys in their official capacities, which provides that officials "specially charged with the duty to enforce" an unconstitutional order are subject to suit for injunctive relief against such enforcement, *Daves v. Dallas County*, 984 F.3d 381, 400 (5th Cir. 2020) (internal quotation omitted), and the well-pleaded facts of the Amended Complaint, which explain that the District Attorney's authorized representative declined to disclaim the unconstitutional CTW by relying on the unconstitutional rationale for its issuance.

Finally, the District Attorney, citing no caselaw or other authority, asks this Court to award her attorneys' fees under 42 U.S.C. § 1988 because, in her view, Harris's case against her is "frivolous or non-meritorious." This request is

premature, and unsupported—indeed, it is itself frivolous. This Court should deny it.

## I.   RELEVANT FACTS

On July 27, 2021, Plaintiff Anna Harris was served with a document labeled "Victoria County Sheriff's Office Criminal Trespass Warning [CTW]." FAC ¶ 1.[2] This document states that Harris is indefinitely banned from, among other places, the Victoria County Courthouse and the Victoria County Jail, and that attempts to go to these places will result in "an offense report being generated in the [office of Defendant] District Attorney [Constance Filley Johnson] for criminal prosecution." *Id.* This document states under "reason for CTW" that Harris is banned from the courthouse and the jail for "making an inappropriate video." *Id.*

The next day, Harris's counsel spoke with a representative of the District Attorney's office on the phone, FAC ¶ 37, and sent the District Attorney's office a letter explaining Harris's claims for relief and requesting that she not prosecute Harris for failing to comply with the CTW, FAC ¶¶ 38, 42. At that time, the District Attorney's office did *not* indicate that the District Attorney would decline to prosecute Harris if she violated the CTW. Instead, after receiving initial notice by phone, the District Attorney's representative called Harris's counsel and explained, ostensibly on behalf of the District Attorney's office, that Harris's supposedly inappropriate video was indeed inappropriate. FAC ¶ 37. Prior to the filing of this

---

[2] Because the District Attorney moved for dismissal facially, and without challenging the facts alleged in the First Amended Complaint (ECF No. 11), those well-pleaded facts are taken as true for purposes of this Motion. *See, e.g., Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

suit, then, the District Attorney's office was notified (1) that a CTW had issued, (2) that it contained a statement threatening prosecution by the District Attorney's office, and (3) that the CTW issued under circumstances rendering it obviously unconstitutional. And Harris specifically asked the District Attorney to disclaim any intent to prosecute. The District Attorney did not do so and did not ask for more time to consider the matter before Harris sued. Instead, her authorized representative explicitly relied on Harris's supposedly "inappropriate" video in protesting Harris's claims for relief.

The next afternoon—about 24 hours after initially noticing the District Attorney of the unconstitutional CTW and requesting that she disclaim prosecution—Harris filed a Complaint and Motion for a Temporary Restraining Order. ECF Nos. 1, 2. About an hour later, the District Attorney's counsel emailed Harris's counsel saying that "the District Attorney's Office will not prosecute your client for failure to comply with the Criminal Trespass Warning." FAC ¶ 42. Harris, therefore, withdrew her request for a TRO by email to this Court, writing that "we are no longer seeking emergency relief before Monday, and we thank the Court for its prompt attention to this matter. We are not at the moment withdrawing our request for injunctive relief (and do not waive our right to seek any appropriate relief in the future), but no longer need the court's immediate attention." FAC ¶ 46 (internal alteration omitted).

That night, Harris was arrested on trumped-up charges in retaliation for filing this case. FAC ¶¶ 47–89. A few days later, Harris filed an Amended

Complaint to seek relief for the post-filing harms she suffered. FAC ¶¶ 47–163. Harris does not allege that the District Attorney caused those post-filing harms, and the parties who did (the Sheriff and, potentially, a currently unidentified Sheriff's Deputy) have not moved to dismiss the Amended Complaint.

## II.   SUMMARY OF ARGUMENT

*First*, the District Attorney moves to dismiss this case for lack of standing because she said—by email, through counsel, and in direct response to the filing of the Complaint in this case—that she would not prosecute Harris under the CTW. That is not a question of standing, which unquestionably existed at the time of filing. The real question is whether the case has been mooted by the District Attorney's purported voluntary cessation of enforcement of the CTW. The District Attorney cannot meet her heavy burden to show mootness by voluntary cessation. In any event, the request for nominal damages—which the District Attorney ignores in her motion—renders even this mootness inquiry irrelevant, because that request alone is sufficient to sustain the case.

*Second*, the District Attorney argues that she is not a proper defendant because she lacks "[p]ersonal involvement" in the issuance of the CTW. But she misunderstands the governing legal standard for injunctive relief against public officials, and she overlooks her own decision to allow threatened prosecution under the CTW to remain in force until this matter was filed.

*Finally*, she asks for attorneys' fees as a prevailing party, but ignores both the legal standard governing such requests and the fact that she has not yet prevailed. Her Motion should be denied in its entirety.

5

## III.   ARGUMENT

### A.   This Court Has Subject-Matter Jurisdiction to Hear this Case.

At the time the Complaint in this case was filed, Harris had just been threatened with prosecution for entering a public courthouse, and the District Attorney had just declined a clear opportunity to disclaim such a threat. Harris thus sought injunctive relief and nominal damages. Under well-established First Amendment precedent, this gives Harris standing to sue. The District Attorney's post-filing attempt to show that she will not enforce the CTW does not moot this case.

#### 1.   Harris Had Standing When this Case Was Filed, and The Amended Complaint Relates Back to That Time.

"[S]tanding is assessed as of the date on which suit was filed." *Texas*, 933 F.3d at 449; *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005) ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint." (quotation marks omitted)). The District Attorney does not appear to dispute—because she cannot—that Harris had standing against the District Attorney when the Complaint was filed.

Harris had standing then because plaintiffs need not wait to be prosecuted to seek relief under the First Amendment from criminal prosecution. "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest . . . and there exists a credible threat of prosecution," that person "should not be required to await and undergo a criminal prosecution as

6

the sole means of seeking relief." *Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 298 (1979) (quotation marks omitted); *International Soc. for Krishna Consciousness of Atlanta v. Eaves*, 601 F.2d 809, 818 (5th Cir. 1979) (standing exists if the plaintiff is "interested in disobeying" the law). Here, Harris was specifically threatened with criminal prosecution by the District Attorney if she engaged in a course of conduct that she both wished to continue—visiting the courthouse and other public buildings again in her lifetime—and that she had an obvious (and presently undisputed) First Amendment right to engage in. *E.g.*, FAC ¶ 1. She therefore had standing to sue when she filed the Complaint.

It is possible, although not certain, that if Harris had filed this case *after* the District Attorney disclaimed any intention to prosecute under the CTW, or after it had been supposedly withdrawn by the complainant, Harris may have lacked standing to seek *prospective* relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), on which the District Attorney relies. Mot. 5–7; *but see Int'l Soc. for Krishna Consciousness*, 601 F.2d at 818 ("probability of enforcement" is a prudential consideration but "is not relevant to a court's jurisdiction over an anticipatory challenge"). But Harris filed the Complaint *before* any of that happened, when the CTW was still in force. And the Amended Complaint relates back to the moment the Complaint was filed, as though the Amended Complaint had been filed at that time. Fed. R. Civ. P. 15(c) (relation back of amendments); *see, e.g.*, *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995) (explaining relation back). Indeed, the Supreme Court has already distinguished *Lyons* on precisely the grounds that

Harris relies on here. *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 184–85 (2000) ("*Lyons* . . . does not weigh against standing" because there "in contrast [to *Lyons*], it is undisputed that [the defendant's] unlawful conduct . . . *was occurring at the time the complaint was filed*." (emphasis added)). Plaintiff has standing, and the only question is whether events after the filing of the Complaint render this case moot.

> 2.   *The District Attorney Cannot Meet Her Heavy Burden to Show Mootness by Voluntary Cessation.*

By requesting that this case be dismissed based on her lawyer's unsupported representation by email that the CTW complainant "withdrew" the CTW and that the District Attorney will not enforce it, the District Attorney is really asking this Court to find Harris's request for injunctive relief moot. But "a defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Laidlaw*, 528 U.S. at 174. Otherwise, "the courts would be compelled to leave the defendant . . . free to return to his old ways." *Id.* at 189 (quotation marks omitted)). Thus, to show that a case has been mooted by voluntary cessation of an unconstitutional practice, a defendant must prove that events after the filing of the Complaint make it "*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968) (emphasis added). The burden is on the defendant, and it is a "heavy" one. *Laidlow*, 528 U.S. at 189. The District Attorney cannot meet it here.

Courts often find a case mooted by *formally announced* or adopted policy

changes, reasoning that formal policies are less likely to be immediately reversed after litigation ends. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009). But this line of cases requires that there actually *be* a formally announced change to policy, and it requires that defendants offer "more than their mere profession that the conduct has ceased and will not be revived." *Hall v. Bd. of Sch. Comm'rs of Conecuh County*, 656 F.2d 999, 1000–01 (5th Cir. 1981); *see also Donovan v. Cunningham*, 716 F.2d 1455, 1461 (5th Cir. 1983) (holding that "bare assurances" were "clearly insufficient to meet [the defendants'] burden of persuasion" on mootness by voluntary cessation).

Because she used an inapplicable legal doctrine, the District Attorney does not even attempt to meet that heavy burden here. She could not do so anyway. For starters, the District Attorney has pointed to no formal, in-person withdrawal of the CTW, which says explicitly that "[s]hould the complainant desire to cancel this CTW, the complainant must contact the VCSO [Victoria County Sheriff's Office] either in person or summon a patrol unit to the complainant's location and request a cancellation in person. A cancellation of a CTW cannot be done over the phone or by a second party." ECF No. 1-1. Nor is there any kind of binding affidavit or declaration subject to penalty of perjury that the CTW has actually been withdrawn. Instead, the District Attorney supports her motion to dismiss with no more than a bald statement in her motion describing an email saying that the CTW "was canceled . . . on July 29, 2021." Mot. ¶ 2. This does not meet the demanding "absolutely clear" standard.

Further, she has nowhere even said that she does not intend to prosecute Harris for mere entry into public buildings, which relief Harris explicitly seeks in the Amended Complaint. FAC ¶ 141. That is, the Amended Complaint contemplates that Defendants may devise other mechanisms to silence Harris (which the Sheriff, by arresting her in retaliation for this case, FAC ¶¶47–89, and by probing for reasons to arrest her if she departs from his vision of appropriate courtroom behavior, FAC ¶¶ 103–111, in fact did), and therefore seeks relief not merely from enforcement of the CTW but also from all other attempts to ban Harris from public buildings. *See* FAC at 25 (requesting "[a]n order enjoining District Attorney Constance Filley Johnson or any of her agents from taking any prosecutorial action against Harris pursuant to the Criminal Trespass Warning, *or for merely entering any public buildings*." (emphasis added)). The District Attorney does not even contend that she will not prosecute Harris for mere entry into a public building in the future, whether on trumped-up charges (not a speculative prospect in this case, unfortunately) or on a future CTW. That request has thus also not been mooted.

Indeed, the circumstances of this case make it eminently reasonable to fear that Harris will suffer prosecution unconstitutionally in the future, be it pursuant to a CTW or on trumped-up charges in response to mere entry into a public building. The District Attorney's office was given a clear opportunity to disclaim prosecution pursuant to the CTW, which *on its face* issued merely because Harris made an allegedly "inappropriate" video, and which indefinitely bars Harris from the entire courthouse, the jail, and almost all the county government's public

facilities. Instead of immediately disclaiming reliance on such an obviously unconstitutional document, the District Attorney's representative instead protested that the video *was* inappropriate, and that Harris was a questionable plaintiff for some other unstated reason. FAC ¶ 37. Only after receiving a request for an emergency TRO in federal court—which Harris was entitled to—did the District Attorney disclaim prosecution, and even then only under the original CTW, and neither under oath nor in any other formal capacity. These are not actions that make it absolutely clear that constitutional violations will not recur.

> 3. *Harris's Claim for Nominal Damages, Which the District Attorney Ignores, Is Alone Sufficient to Give this Court Jurisdiction*

Even if the request for injunctive relief were moot (and it is not), the nominal damages claim is not. The requests are evaluated independently because "[w]here one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." *Powell v. McCormack*, 395 U.S. 486, 497 (1969) (holding that damages claim could proceed where request for injunctive relief was moot). Here, Harris's Amended Complaint seeks nominal damages against the District Attorney in her official capacity on counts one, two, and three, which are based on the unconstitutional CTW. The District Attorney does not address these claims specifically in her motion to dismiss. Because Harris had standing to file suit at the time of the original Complaint, because her Amended Complaint relates back to that time, and because at that time she alleged a completed constitutional violation, Harris's nominal damages claims are alone sufficient to give this Court jurisdiction to hear this case. The District Attorney's

Rule 12(b)(1) motion, then, may be denied on this basis alone without even considering Harris's argument that the District Attorney has not met her burden to prove mootness by voluntary cessation.

The Supreme Court reinforced this conclusion earlier this year in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021). In *Uzuegbunam*, a college student was threatened with disciplinary action under a campus-speech policy if he persisted in speech that he had a clear First Amendment right to voice. *Id.* at 797. While that policy was in force, the plaintiff sued, seeking injunctive relief and nominal damages. *Id.* Shortly thereafter, the defendant college abandoned the challenged policy, and argued that the case was therefore moot. *Id.* The Supreme Court disagreed, and held that "for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." *Id.* at 808.

So too here. Harris sought nominal damages while actively subject to a threatened prosecution if she engaged in conduct obviously protected by the First Amendment. As a result, and as the District Attorney appears to acknowledge, her speech rights were chilled, completing a constitutional violation. Mot. ¶ 4 (motion to dismiss acknowledging that Harris "fears" prosecution); FAC ¶ 119 ("Because of the CTW, Harris feared that she could not attend that trial without fear of immediate arrest *and prosecution.*" (emphasis added)); *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014) ("In First Amendment pre-enforcement challenges, chilling a plaintiff's speech is a constitutional harm adequate to satisfy the injury-in-fact

requirement." (quotation marks omitted)). That is sufficient to maintain a live case or controversy.[3]

### B.     Harris States a Claim Against the District Attorney.

The District Attorney next moves to dismiss the Amended Complaint on the grounds that Harris has not pleaded the District Attorney's "personal involvement" in the constitutional violations alleged and that Harris has failed to meet a "heightened" pleading standard to specifically allege what the District Attorney has done. Mot. 10–13. This is both legally wrong and factually inaccurate. Legally, as to Harris's claim for injunctive relief, the only question is whether the District Attorney is the official charged under state law with enforcing the unconstitutional order alleged in the Amended Complaint, which she is. Factually, as to Harris's claim for nominal damages, Harris does allege that the District Attorney's office violated her Constitutional rights because an authorized representative, acting on behalf of her office, not only declined to disclaim the unconstitutional document that issued with a threat that her office would prosecute Harris but also doubled down on the rationale for the unconstitutional order. FAC ¶ 37.

### 1.     *The District Attorney Is the Appropriate Defendant for Injunctive Relief Regardless of "Personal Involvement" in Past Violations*

Harris seeks an injunction against the District Attorney, in her official

---

[3] Notwithstanding Harris's specific mention of fear of future prosecution at FAC ¶ 119, the District Attorney claims the Complaint is deficient because elsewhere she has alleged only fear of future arrest, not fear of future prosecution. Mot. ¶¶ 18, 23, n.1. But the fear of the prosecution accompanying an arrest is part of why anyone would fear being arrested. And context makes clear that Harris fears both. In any event, should the Court find this partial omission to be dispositive, Harris respectfully requests leave to amend the complaint to clarify that she indeed fears future prosecution.

capacity, forbidding her "or any of her agents from taking any prosecutorial action against Harris pursuant to the Criminal Trespass Warning, or for merely entering any public buildings." FAC 25. The District Attorney moves to dismiss on the ground that she lacks "personal involvement" in the issuance of the CTW. Mot. ¶¶ 26–27. This is a non sequitur. The District Attorney is the proper defendant for a request for injunctive relief restraining an unconstitutional prosecution *regardless* of her involvement in the issuance of the CTW or her past actions at all.

The District Attorney does not dispute, nor could she, that she has unilateral authority to prosecute state criminal violations that occur in Victoria County. *See Crane v. Texas*, 759 F.2d 412, 430 (5th Cir. 1985) ("[B]ecause the ultimate authority for determining [the challenged] procedures reposed in the District Attorney, an elected County official, his decisions in that regard must be considered official policy attributable to the County."). Binding law makes clear that she is thus the proper defendant for a request for injunctive relief that only she can provide: prevention from an unconstitutional state criminal prosecution. Indeed, the *Ex Parte Young* doctrine is premised on the fact that an official with "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" is the proper defendant in a federal action under § 1983 restraining unconstitutional governmental conduct. *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotation marks omitted). Thus, Texas district attorneys are proper defendants in cases requesting injunctions against unconstitutional prosecutions. *See Roe v. Wade*, 410 U.S. 113, 120 (1973) (Plaintiff Jane Roe sued Dallas County District

14

Attorney Henry Wade seeking "a declaratory judgment that the Texas criminal abortion statutes were unconstitutional on their face, and an injunction restraining the defendant from enforcing the statutes"); *modified on other grounds by Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833 (1992); *see also Steffel*, 415 U.S. at 455 (Georgia prosecutor known there as "solicitor" proper defendant in action claiming prosecution would be unconstitutional); *Harper v. Lindsay*, 616 F.2d 849, 852 (5th Cir. 1980) (Harris County District Attorney defendant in action to restrain prosecution under unconstitutional law).

The question whether the official is at fault, or ultimately responsible, for the unconstitutional action is irrelevant—and this makes sense. When, for example, a state passes a law that allegedly violates the Constitution, the officials tasked with enforcing those laws are proper defendants in federal court even where they had no role in the law's passage and did nothing to specifically threaten the plaintiff. District Attorney Henry Wade is the paradigmatic defendant: he had no role in the passage of the abortion restriction at issue at in *Roe v. Wade* and had no pre-existing relationship with plaintiff Jane Roe, whose identity he did not even know. Nonetheless, he was the proper defendant in a case alleging that Roe's prosecution would have been unconstitutional. So too here.

### 2. *Harris Adequately Alleges That the District Attorney's Office Violated Her Constitutional Rights*

Next, without making any distinction between claims for nominal damages and for prospective relief, the District Attorney contends that the Complaint does not "allege facts committed on behalf of District Attorney Johnson" that "if true

would amount to a civil rights violation." Mot. ¶ 28. This ignores concrete factual allegations that state a completed claim for nominal damages.

To get nominal damages against the District Attorney in her official capacity, Harris is required to show that "(1) an official policy (2) promulgated by [the District Attorney as a county] policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). That is because, for purposes of *damages* liability—although not necessarily for purposes of injunctive relief—a lawsuit against the District Attorney in her official capacity is a lawsuit against Victoria County. *See, e.g.*, *Crane*, 759 F.2d at 430; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (internal citation and quotation omitted)). In *Pembaur v. City of Cincinnati*, the Court held that counties can be liable for single decisions because "where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." 475 U.S. 469, 479 (1986). There is no question that the District Attorney has final policymaking authority over her office, *Crane*, 759 F.2d at 430, and so the only question is whether Harris alleges facts leading to a reasonable inference that she directed an unconstitutional action.

Here, Harris pleads facts that give rise to the reasonable inference that the District Attorney, when presented with the unconstitutional CTW, explicitly chose to reaffirm it on its own stated rationale that Harris's video was "inappropriate,"

and that as a result Harris's speech rights were chilled. FAC ¶ 37. On July 28, 2021, counsel for Harris spoke with Tammy Deyton, a representative of the District Attorney's office, explaining that Harris was planning to seek emergency relief against the CTW. FAC ¶ 34. At that point Deyton was apparently unaware that a CTW had issued and did not know who Harris was. FAC ¶ 35. Forty-five minutes later, Deyton called back. FAC ¶ 37. This time, she (a) knew about the CTW, (b) knew about the video that led to the CTW, and (c) explained that the video was inappropriate (as the CTW alleges) and, therefore, implied that Harris—whom she insulted with other irrelevant allegations—should indeed be subject to a CTW. FAC ¶ 35. It is at least reasonable to infer from these facts that Deyton took those 45 minutes to seek instructions from her superior, the District Attorney, about whether to disclaim prosecution under the CTW. And, this being a motion to dismiss, all reasonable inferences are drawn in Harris's favor. Perhaps at trial the jury will find that this is not what happened, but for purposes of this motion Harris has alleged concrete facts giving rise to the plausible inference of a policymaking decision by the District Attorney to reaffirm the unconstitutional CTW.

Further, the Complaint presents plausible facts that the way the District Attorney treats CTWs is unconstitutional. A reasonable inference from the fact that the pre-printed CTW form tells recipients that "an offense report will be generated in the District Attorney's Office for criminal prosecution" is that criminal charges will be filed by the prosecutor in those cases. It also reasonable to infer that the language included in that form would have been vetted and approved by the elected

District Attorney before it went on a form that is used county-wide in CTWs and in criminal prosecutions. The fact that the District Attorney appears to endorse CTWs with credible threats of prosecution is additional reason to support nominal damages liability. Based on these facts and inferences, Harris is entitled to further develop these facts through discovery.

### C. The District Attorney's Motion for Attorneys' Fees Is Frivolous.

Finally, in two paragraphs tacked onto the end of the Motion that fail to cite any caselaw or an accurate legal standard, the District Attorney asks this Court to award her attorney's fees under 42 U.S.C. § 1988. This request is itself frivolous. First, under that provision, a court may award attorney's fees to a "prevailing party," and the District Attorney has not yet prevailed. The request is thus premature. *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451–52 (1982) (a "court's decision of entitlement to fees will . . . require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'"). Second, the District Attorney has not come close to showing that the claims against her are "frivolous, unreasonable, or without foundation," which is the applicable standard to award attorney's fees to prevailing defendants under § 1988. *Fox v. Vice*, 563 U.S. 826, 833 (2011). As Harris's counsel explained to the District Attorney in the email submitted to this Court, reasonable minds may differ as to the ultimate merits of Harris's claims against the District Attorney, but the claims are not frivolous. ECF No. 13-1.

## IV. CONCLUSION

For the foregoing reasons, the District Attorney's Motion to Dismiss under

Rules 12(b)(1) and 12(b)(6) and her accompanying request for attorney's fees under

42 U.S.C. § 1988 should be denied.


Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
611 Pennsylvania Ave SE, No. 317
Washington, DC 20003
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
(S.D. Tex. Bar No. 3690695)
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.,
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Nathan Fennell*
Nathan Fennell
(S.D. Tex. Bar No. 3547280)
TEXAS FAIR DEFENSE PROJECT
314 E Highland Mall Blvd, Suite 204
Austin, TX 78752
nfennell@fairdefense.org
(512) 637-5222

Attorneys for the Plaintiff

## CERTIFICATE OF WORD COUNT

This response contains **4,985** words, not including sections excluded by this Court's rules, according to Microsoft Word's word count tool.

*/s/ Charles Gerstein*